**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Anthony Charles Carter, | ) | Civil Action No.: 4:20-cv-01998-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden, FCI Williamsburg, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Anthony Charles Carter ("Petitioner"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 26, 2020. (ECF No. 1.) For the reasons stated below, the court **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 17) and **DISMISSES** Petitioner's Habeas Petition (ECF No. 1) with prejudice.

### I.    FACTS AND PROCEDURAL HISTORY

Petitioner initiated the instant action on May 26, 2020 against the warden at the Federal Correctional Institution in Williamsburg, SC ("Defendant"). (ECF No. 1; ECF No. 5 (explaining to Petitioner the correct respondent is the Warden at FCI Williamsburg, not the United States of America).) Defendant filed his Motion for Summary Judgment on November 10, 2020. (ECF No. 17.) The same day, the court issued a *Roseboro* Order to Petitioner, directing him to respond to the motion by December 11, 2020. (ECF No. 18.)

On December 29, 2020, the Magistrate Judge filed a Report and Recommendation dismissing the complaint because Petitioner did not respond to Defendant's Motion for Summary Judgment. (ECF No. 21 at 1.) On January 10, 2021, Defendant timely mailed his Objection to the Report and Recommendation, explaining that he had not received the Motion for Summary

Judgment because of a shortage of staff at the prison where he is housed.  (ECF No. 23 at 3.)

Pursuant to a Text Order on August 23, 2021, which gave Petitioner until September 10, 2021 to

file his response (ECF No. 27), Petitioner timely mailed his Response in Opposition to Summary

Judgment on September 8, 2021 (ECF No. 30).

By way of background, Petitioner was indicted of four counts of narcotics and firearms

crimes by a federal grand jury on March 27, 2006.  (ECF No. 17-1 at 2.)  The charges against

Petitioner arose from an incident on or around September 17, 2005, where he was arrested after

being found asleep in a vehicle that contained drugs and two guns.  (*Id.*) Petitioner maintains he

borrowed the vehicle from a friend (ECF No. 17-1 at 52), and he did not know there were guns in

the car (*Id.*  at 73-74).  During the jury trial, the evidence stipulated Petitioner had been convicted

of a felony, and that conviction had not been expunged as of September 17, 2005.  (*Id.* at 163-64.)

Petitioner testified that he had been convicted of fourteen (14) breaking and entering counts and

had eight (8) larceny convictions.  (*Id.* at 63.)

Count Four charged Petitioner with being a felon in possession of firearms in violation of

18 U.S.C. §§ 922(g)(1), 924(e).  (ECF No. 17-1 at 2.) The court did not include the knowledge of

felony status element, but it did include the element of knowing possession. (*Id.* at 3.) The District

Court charged the jury that in order to find Petitioner guilty of being a felon in possession of a

firearm, the Government must show beyond a reasonable doubt that:

> First: That Defendant knowingly possessed a firearm … which had been shipped or transported in interstate commerce, as charged;
>
> Second: That before he possessed the firearm Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felon offense; and
>
> Third: That at the time Defendant possessed the firearm his conviction had not been expunged or set aside, nor had he been pardoned from that conviction or had his civil rights restored. (*Id.* at 3, 92.)

Petitioner did not request a knowledge-of-status instruction, and the jury returned a guilty verdict on all four counts.  (*Id.* at 3.)

Petitioner was sentenced on September 26, 2006, and the judgment was entered on November 9, 2006.  (*Id.* at 4.) The court adopted the Presentence Investigation Report (PSR) prepared by the United States Probation Office.  (*Id.*) The PSR factored in Petitioner's prior convictions and classified him as a career offender and an armed career criminal.  (*Id.*) Petitioner did not object to the PSR and was sentenced to a total of 360 months of imprisonment: 300 months on Counts One and Four; 240 months on Count Two (to run concurrently with the sentence on Counts One and Four); and 60 months on Count Three (to run consecutively).  (*Id.*)

Petitioner appealed both his conviction and sentence to the United States Court of Appeals for the Fourth Circuit.  (*Id.*) He argued the District Court erred when it failed to declare a mistrial after a Government witness testified that Petitioner remained silent after he was advised of his *Miranda* rights, and invoking his right to silence, and that the Government improperly used this information. (ECF No. 1 at 3.) The Fourth Circuit affirmed the District Court's decision.  (*Id.*) On October 12, 2007, Petitioner filed his first 28 U.S.C. § 2255 motion in the District Court.  (*Id.*) On January 6, 2009, the District dismissed his Motion, (*Id.*)  and the Fourth Circuit affirmed the dismissal on August 3, 2009.  (*Id.*)  Petitioner subsequently filed a second § 2255 motion, which the District Court dismissed on October 19, 2015.  (ECF No. 17-1 at 5.) Petitioner filed a third § 2255 motion on June 27, 2016, which was dismissed on November 28, 2017.  (*Id.*)  Petitioner's appeal of that motion was also dismissed.  (*Id.* at 4.)

On January 31, 2019, Petitioner filed a Motion to Reduce Sentence pursuant to the First Step Act.  (ECF No. 1 at 4.) On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, holding violations of § 922(g) require the defendant to have knowledge of his possession of a

firearm and of the facts giving rise to his relevant prohibited status at the time of possession. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The District Court reduced Petitioner's sentence on Count One from 300 to 240 months on June 24, 2020. (ECF No. 17-1 at 5.)

Petitioner filed the instant petition on May 26, 2020, alleging the Count Four conviction is invalid because the jury charge did not include *Rehaif's* knowledge-of-status element.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See Id.* at 248.

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL

3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

A prisoner in federal custody under sentence of a federal court may petition the court that imposed the sentence to vacate, set aside, or correct the sentence. *See* 28 U.S.C. § 2255. The prisoner may be entitled to relief upon a showing that the sentence was imposed in violation of the constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, and that the sentence is otherwise subject to collateral attack. *Id.* However, § 2255 motions that allege violations of federal law are generally cognizable only if they involve a "fundamental defect which results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974). A petitioner collaterally attacking his conviction pursuant to § 2255 bears the burden of proving his grounds for collateral attack by a preponderance of evidence. *White v. United States*, 352 F. Supp. 2d 684, 686 (E.D. Va. 2004) (citing *Miller v. United States,* 261 F.2d 546 (4th Cir. 1958)).

In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when it conclusively shows from the attached exhibits and the record of prior proceedings that the moving party is not entitled to relief. *See* 28 U.S.C. § 2255(b) (noting that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## III.    DISCUSSION

### A.  The Savings Clause

Section 2255(e) permits prisoners "to apply for a traditional writ of *habeas corpus* pursuant to § 2241." *United States v. Wheeler*, 886 F.3d 415, 422 (4th Cir. 2018).  Under the statute,

> "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*."

28 U.S.C. § 2255(e) (emphasis added.) Respondent concedes Petitioner "meets the requirements of the savings clause."  (ECF No. 17-1 at 6.)  But our cases do not support this conclusion.  The United States Court of Appeals for the Fourth Circuit held § 2255 is "inadequate and ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).   Applied to Petitioner's case, it is evident that he is not "entitled to file a habeas petition" under §2241 because he fails to meet the requirement under the second prong.  *Id.* at 334.

Petitioner satisfies the first and third prongs of the *Jones* test.   Petitioner's original conviction was, at the time, supported by the settled law of the Fourth Circuit, *see United States v. Langley*, F.3d 602, 604 (4th Cir. 1995), and *Rehaif* is not a new rule of constitutional law.  *See, e.g., In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif*, [] did not announce a "new rule of constitutional law," but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) . . .  the government must prove that the defendant knew he violated each of the material elements of § 922(g)) (citing *Rehaif*, 139 S. Ct. at 2195-96).

While *Rehaif* changed the settled law after Petitioner's direct appeal and initial §2255 motion, this court has held numerous times that "*Rehaif* did not create a substantive change in the law but simply clarified the elements that the Government would have had to prove at trial had Petitioner exercised his right to a trial." *Sadler v. Bragg*, C/A No.: 0:20-cv-0665-JFA, 2020 WL 6110989, at *3–4 (D.S.C. Oct. 16, 2020) (collecting cases); *see also Farley v. Warden FCI Bennettsville*, C/A No.: 1:20-cv-01387-MGL, 2020 WL 8678092, at *4 (D.S.C. Oct. 30, 2020), *report and recommendation adopted*, C/A No. 1:20-cv-01387-MGL, 2021 WL 672925 (D.S.C. Feb. 22, 2021). Even in the wake of *Rehaif*, this court found Petitioner's underlying conduct remained criminal. Therefore, the court concludes Petitioner is not eligible to file this *habeas* petition under the "savings clause" of §2255(e). Even if Petitioner satisfied the second prong of the *In re Jones* test, however, his claim cannot succeed. For completeness, the court concludes below that Petitioner's claim is procedurally barred.

B. **Procedural Default**

Respondent contends that Petitioner's claim is procedurally barred because it "could have been raised before the trial and on direct appeal, but [was] not." (ECF No. 17-1 at 10 (citing *Bousley*, 523 U.S. at 621–22; *United States v. Frady*, 456 U.S. 152, 170 (1982); *United States v. Bowman*, 267 F. App'x 296, 299 (4th Cir. 2008).) Such claims may be raised on *habeas* review only if Petitioner can show (1) cause for the default and "actual prejudice" resulting from the alleged violation, or (2) actual innocence of the offense. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

Petitioner can establish cause for the default by "show[ing] some objective external impediment prevented his counsel's efforts to construct or raise the claim." *United States v.*

*Jackson*, C/A No.: 3:17-cr-00810-CMC, 2021 WL 694848, at *10 (D.S.C. Feb. 23, 2021). The existence of binding precedent which did not require the prosecution to prove the knowledge of status element to establish guilt under §§ 922(g)(1) and 924(a)(2) is not sufficient to show cause for default. Petitioner's principal argument on this point highlights the "futility" of asking for a jury instruction on the "knowledge of status" element. (ECF No. 1 at 6; ECF No. 30 at 6 (Petitioner contends that he "could not procedurally default his *Rehaif* claim, because the issue of *Rehaif* did not exist nor was decided at the beginning stages or proceedings of his case . . . so to make a challenge to his indictment and jury instructions[] would have been futile because at the time[,] the law was that the prosecution did not have to prove [the element of knowledge of status], though such law . . . was incorrect.").) Petitioner argues that at the time, it was settled law that this element need not be proved. (*Id.* (citing *United States v. Langley*, F.3d 602, 604 (4th Cir. 1995) *abrogated* by *Rehaif*, 139 S. Ct. at 2200).)

This argument, however, has been rejected time and again in numerous courts, including the Supreme Court of the United States, the Fourth Circuit, and this district. In *Bousley*, the Supreme Court held that where an argument is not novel, and where "the Federal Reporters were replete with cases involving challenges of the same type, the futility of making an argument that is 'unacceptable to that particular court at that particular time'" is insufficient to establish cause for default. *Bousley*, 523 U.S. at 622-23. *See also United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001) (rejecting "§ 2255 movant's argument [that] novelty [] and futility of raising *Rehaif*-type claim demonstrated cause to excuse his procedural default on *Rehaif* claim); *Jackson*, C/A No.: 3:17-cr-00810-CMC, 2021 WL 694848, at *10 (collecting cases.) Additionally, the Supreme Court recently held that the "futility exception" under Fed. R. Crim. P. 52 does not apply to unpreserved *Rehaif* claims. *Greer v. United States*, 141 S. Ct. 2090, 2099, 210 L. Ed. 2d 121

(2021) ("The problem for [Petitioner] is that his proposed futility exception lacks any support in the text of the Federal Rules of Criminal Procedure or in this Court's precedents. . . . Rule 52(a) and Rule 52(b) together indicate that unpreserved errors must be analyzed for plain error under Rule 52(b).") Here, Petitioner raises the same argument. But to the extent there were no "external impediments" which prevented him from raising this claim on direct review, Petitioner's *Rehaif* claim is procedurally barred.[1]

Respondent contends that in addition, Petitioner cannot establish "how he was substantially disadvantaged by any lack of knowledge regarding the knowledge [of status] requirement." (ECF No. 17-1 at 12.) To establish actual prejudice, a Petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" *Jackson*, C/A No. 3:17-cr-00810-CMC, 2021 WL 694848, at *10 (citing *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997). The Supreme Court clarified that a "*Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100.

Respondent argues Petitioner cannot make this showing. First, Petitioner stipulated his status as a felon at trial (ECF No. 17-1 at 163-64).) He also conceded his previous convictions of

---

[1] Petitioner relies on *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020) to argue, in effect, that because the knowledge of status element was never at issue in his trial, he could not have defended against it. Effectively, the *Rehaif* error is treated as structural. The Fourth Circuit granted a rehearing *en banc* to resolve this issue. But in a recently decided case, the Supreme Court held "the omission of a single element from jury instructions is not structural." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). This explicitly overruled the Fourth Circuit's holding to the contrary in *United States v. Gary*, 954 F.3d 194, 205 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974, 208 L. Ed. 2d 510 (2021), and *rev'd sub nom. Greer*, 141 S. Ct. 2090, and decided the procedural merit of Petitioner's present claim.

"fourteen counts of breaking and entering and eight counts of larceny." (ECF No. 17-1 at 63-65.) And Petitioner's Presentence Report, to which he did not object at his sentencing hearing, described this lengthy record of prior convictions. (*Id.* at 16.) Because Petitioner puts forth no actual evidence to rebut these facts, the court finds that he did not sufficiently prove that he would have presented evidence on the knowledge of status element at trial.

Petitioner may yet overcome the procedural bar to his *Rehaif* claim if he can establish that he is "actually innocent" of the charge. *Bousley*, 523 U.S. at 623. To prove actual innocence, Petitioner must show that "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). Thus, Petitioner must demonstrate, by clear and convincing evidence, his factual innocence, meaning "that [he] did not commit the crime of which he was convicted." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999); *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010). Legal innocence shown through the insufficiency of proof to convict does not meet this threshold. *Pettiford*, 612 F.3d at 282. Where a petitioner can show that "he did not commit the crime of which he was convicted," or that his sentence was "erroneously enhanced by [a conviction] that he simply did not have," Petitioner's actual innocence claim can pass muster. *See Pettiford*, 612 F.3d at 284.

Petitioner's Response (ECF No. 30) does not oppose Respondent's argument that he is not factually innocent of the crime of being a felon in possession of a firearm. His sole contention on this ground is found in his initial Petition, where he claims he "never had the opportunity to mount a defense as . . . to the status element of § 922(g), and even more so, the jury never found the element beyond a reasonable doubt." (ECF No. 1 at 8.) At bottom, this argument is based on the legal sufficiency of the government's case against him, and his resulting inability to mount a

defense.  Petitioner does not discuss what such a defense might have entailed in his case.  Nor does

he put forth evidence of his factual innocence beyond listing possible defenses a similarly situated

defendant *could* have raised such as "amnesia," "blackouts" or intoxication.  (ECF No. 1 at 7.) In

the absence of any evidence of factual innocence in Petitioner's filings, and in light of Petitioner's

failure to counter Respondent's argument on this ground,[2] the court finds Petitioner has not met

the requisite threshold of proving actual innocence to survive the procedural bar.

## IV.     CONCLUSION

After a thorough review, the court **GRANTS** Respondent's Motion for Summary Judgment

(ECF No. 17) and **DISMISSES** with prejudice Plaintiff's Petition for Writ of Habeas Corpus (ECF

No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  See *Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

---

[2] *See, e.g. Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp. 2d 540, 560–61 (D.S.C. 2009)
(holding "the failure of a party to address an issue raised in summary judgment may be considered
a waiver or abandonment of the relevant cause of action.")

12

676, 683 (4th Cir. 2001).   In this case, the legal standard for the issuance of a certificate of

appealability has not been met.

      **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 27, 2021
Columbia, South Carolina